Matter of the alleged lunacy of MARY ANN LINDSLEY.

1. The unsoundness of mind which will justify proceedings under a commission of lunacy must be such as to deprive the person, concerning whom the inquiry is made, of ability to manage his or her estate.

2. The return to a commission should be in the words of the commission, or in equivalent language.

3. A return, that the "mind is impaired by age and other causes, and that she is not capable of managing her own affairs," is insufficient, and will be set aside.

On motion to quash the return to the commission.

*Mr. Henry S. Harris* and *Mr. Wm. H. Morrow*, for the motion.

*Mr. Ludlow McCarter, contra.*

THE CHANCELLOR.

The commission in this case directed inquiry as to whether Mary Ann Lindsley "is a lunatic or of unsound mind, so that she is not fit for the government of herself, her lands and tenements, goods and chattels" &c., and the return is that she "is not a lunatic, but that her mind is impaired by age and other causes, and that she is not capable of managing her own affairs."

It is insisted, in support of the motion, that the return should be in the words of the commission, or at least in equivalent words, and that this return is not within such requirement.

Commissions in lunacy were at first confined to cases of idiocy

Matter of Lindsley.

and lunacy, but in progress of time were extended to cases of persons *non compos mentis.  Shelford on Lunatics 104.*

The unsoundness of mind which will justify the action of the court must be more than mere debility (*Ex parte Cranmer, 12 Ves. 445*), or impairment of memory. *Re Holmes, 4 Russ. 182.* It is held, in this court, that not every imbecility of mind is intended, but that the mind must be so unsound that it cannot apply its faculties, in their weakened and impaired state, to the management of the person's affairs and the government of himself (*Matter of Collins, 3 C. E. Gr. 255*), and at the same time, that it is enough if such incapacity of mind arises from any cause, whether it be age, disease, affliction or intemperance. *Perrine's Case, 14 Stew. Eq. 411.*

The unsoundness of mind, then, from whatever cause it arises, must be such as to deprive the person, concerning whom the inquiry is made, of ability to manage his estate and. himself.

The return to the commission must, as it is insisted, be in the words of the commission, or in equivalent language. *Ex parte Cranmer, 12 Ves. 445; Shelford on Lunatics 137.*

In the case before us, the return is not in the words of the commission, but is that Mrs. Lindsley's mind is impaired, and that she is not capable of managing her own affairs.  Is this equivalent to saying that she is of unsound mind—so that she is not fit to manage her estate?

The return does not state that Mrs. Lindsley's incapacity to manage her affairs arises from, or is attributable to, the condition of her mind.   It does not preclude the possibility that the cause of incapacity is some physical defect, or a lack of knowledge of business principles, and that the impairment of the mind is so slight as not to incapacitate.

It does not follow, from the connection of the finding by the jurors that Mrs. Lindsley's mind is impaired with their finding that she is unable to manage her affairs—that the former affords the reason for the latter.  The connection between these findings is the conjunction " and," which expresses the relation of addition rather than of dependence.

I find annexed to, and ·filed with, the commission, but not

referred to in the return, a series of questions which were put by the commissioners to the jury, and the jurors' written answers to them, and among them the following:

"*First.* Is Mary Lindsley a lunatic? *Ans.* No.

"*Fourth.* If you do not find Mary Ann Lindsley to be a lunatic, you should then inquire and return whether or not her mind has, by the decay of age or other causes, become so far destroyed or impaired that she is not capable of managing her own affairs, stating here your return to this inquiry. *Ans.* We find that Mary Ann Lindsley's mind is impaired by age and other causes, and that she is not capable of managing her own affairs."

The commissioners' inquiry was explicit, and so plainly presented the issue to the jury that a man of the most ordinary understanding must have been able to comprehend it.

The reply is evasive and ambiguous, and, in the face of the question, seems to be the result of design rather than of ignorance or misunderstanding.

It would create a dangerous precedent to strain such a return as this into a determination of the issue presented by the commission. In the exercise of its jurisdiction in cases of this nature, where the outcome is to strip one of his property and liberty, the court cannot accept uncertain verdicts. It is unnecessary for me to consider the force of the word "impaired" in the return, for in the view I have above taken, I think that the return fails to meet the issue.

I will order the inquisition to be set aside.