This is a divorce suit, and the defendant has preferred a petition for the appointment of a guardian ad litem for himself. His petition shows that he has been for the past four years, and still is, physically and mentally ill and unable to attend to his affairs or manage his business, and is now, and has been, under medical treatment for his said illness; that by reason of his said illness he believes that he is unable to give proper attention and care to the preparation of his defense to the petition filed against him in this cause or to consult with counsel about the full preparation of said defense in a legal, competent and proper manner; and he, therefore, prays that his mother may be appointed guardian ad litem for him to make answer and defense in this suit. His mother, in a writing annexed to the petition, consents to be appointed such guardian. Neither in the petition is it alleged, nor in the affidavits annexed is it shown, that the defendant is a person of unsound mind for whom a guardian should be appointed.
In Bunting v. Bunting, 87 N.J. Eq. 20, I held that a solicitor cannot obtain authority to acknowledge service of *Page 3 
subpoena for an infant defendant, not even from the infant, as he is incompetent to employ a solicitor and voluntarily appear. Persons non compos are equally as incapacitated as infants. And the presence of a guardian before the court to represent a lunatic defendant is essential. In re Martin, 86 N.J. Eq. 265,270. The fact of minority (and equally of lunacy) should be made to appear to the court to the end that it may appoint a guardianad litem for the incapacitated party. Pierson v. Hitchner,25 N.J. Eq. 130, 133. But this defendant is not shown to be a lunatic. If he were he would be incapable of suggesting that he was such; and, in fact, he does not claim that he is. He simply says that by reason of his illness he believes he is unable to give proper attention and care to the preparation of his defense herein. For aught that appears, he has perfect capacity to retain a solicitor, and the solicitor, with the aid of his mother and other relatives and friends, can certainly prepare his defense; and, for that matter, conduct it for him. If a guardian adlitem were to be appointed on this showing, defendants in many cases would be entitled to the same relief and protection, if it be protection. I fail to see any requirement for the appointment of a guardian in a case like this, even assuming that the defendant is to an extent unable to confer with counsel and prepare his defense. That, after all, in a case like the present, is particularly the business of counsel himself. Infants' rights are not superior to those of adults. The difference between the two classes of persons is that the rights of infants must be protected by the court, while adults must protect their own interests. In re Shreve, 87 N.J. Eq. 7. And the same doctrine applies in the case of lunatics. Guardians must be appointed for lunatic defendants, but persons compos mentis must defend themselves. Degrees of competency will not be measured. A guardian can only be legally appointed on notice to the lunatic defendant, for, in the first instance, he has a right to defend on the question of lunacy, an adjudication of which must precede, or, at least, be contemporaneous with, the appointment of a guardian. In re Martin, supra (at top of p. 272). It *Page 4 
is no answer to say that this defendant does not have to be notified as he applies himself, because, as I have said, if he be really insane and incapacitated, he has not capacity to apply for a guardian for himself. Courts do not appoint guardians for adults who are sui juris. A lunatic has no capacity to appoint an attorney. Van Horn v. Hann, 39 N.J. Law, 207, 213. If he lacks capacity to appoint an attorney he lacks capacity to apply for the appointment of one, or for the appointment of a guardian.
Infants, idiots and lunatics are as incapable to defend a suit alone as they are to prosecute one alone; and although named in a bill as parties defendant they conduct their actual defense through a guardian, usually a guardian ad litem appointed by the court on the application of a friend or of the opposite party, although occasionally by the general guardian, conservator or committee without his special appointment as guardian adlitem, at least where his interest is not adverse to his ward's.1 Whiteh. Eq. Pr. 67 § 48.
Lunatics, not so found by inquisition, and persons of weak intellect, or who are by age or infirmity reduced to a second infancy, must defend by guardian. Dan. Ch. Pl. Pr. *176.
Where the infirmity is the result of bad health the practice is to allow time to file the answer and not to assign a guardian.Ibid. *178. A person of weak or unsound mind, not so found by inquisition, answers by his guardian, who is appointed in the same manner as the guardian ad litem of an infant defendant.Ibid. *754. In our state, however, under chancery rule 194, for the purpose of having a guardian appointed for an infant to answer and defend the suit, a petition may be presented by the infant, if above the age of fourteen years, and if under that age, by his father, mother or some other friend in his behalf, praying such appointment. And so by analogy in the case of a lunatic, his father, mother or next friend may apply on his behalf.
In this court it has been held that to warrant the appointment of a guardian, the finding on inquisition must be that the subject thereof is of unsound mind, so that he is unfit for thegovernment of himself, his lands and tenements. *Page 5 
See Conover's Case, 28 N.J. Eq. 330; Perrine's Case, 41 N.J. Eq. 409;In re Lindsley, 43 N.J. Eq. 9. And the court of errors and appeals held in Lindsley's Case, 44 N.J. Eq. 564, that the inquisition must show that the imbecility of mind is such as to render the imbecile unfit for the government of himself, as wellas his property, and that a return that the imbecile is an idiot or a lunatic or non compos mentis or of unsound mind, will be regarded as sufficiently showing that fact. See, also, De Hart
v. Condit, 51 N.J. Eq. 611 (Court of Errors and Appeals).
The principle to be deduced from these cases is that a guardian cannot be appointed for the person or estate of one unless his unsoundness of mind renders him unfit for the government of himself and his property; and this applies as well to the appointment of a guardian ad litem to defend a given cause as it does to the appointment of a general guardian on inquisition and office found. There is no suggestion in this case that the defendant is unfit for the government of himself and his property — only that by reason of illness he believes he is unable to give proper attention and care to the preparation of his defense. In this state there are no degrees of insanity, a man is either sane or insane, and there is no borderland or twilight zone between these two extremes in which a person may be incapacitated by a court order and a guardian appointed for him. The court cannot incapacitate a party, and it may appoint a guardian for him only in case he is himself incapacitated, that is, mentally so unsound as to be unfit for the government of himself and his estate.
The application of the defendant in this case for the appointment of a guardian ad litem for himself must be denied. *Page 6