This suit was instituted by an aged woman to compel defendant, a distant cousin, and wife, to reconvey lands of the value of $12,500, and to redeliver corporate stocks of a value of $15,000, transferred by her to defendants without consideration. Shortly after the bill was filed, the defendants reconveyed to complainant the lands and effected a reconciliation with her. She then asked that the bill of complaint be dismissed. The late Vice-Chancellor Bentley, who heard the motion, denied it and directed her solicitor to continue the prosecution of the suit. The court of errors and appeals affirmed this order. 102 N.J. Eq. 282; 103 N.J. Eq. 379. The basis for the refusal of the court to permit the bill to be dismissed is indicated in the following quotation from the opinion of Vice-Chancellor Bentley:
"It is elementary that, when ordinary litigants all agree to a termination of a suit pending between or among them, and the public interest is not affected, there is nothing for *Page 501 
the court to do but permit them to withdraw and go about their respective affairs. But what is to be said where one of them is under a disability, not amounting to insanity or infancy, and yet sufficient to put him at such a disadvantage in dealing with his own affairs as to make him utterly incapable of protecting himself and his property against the inroads and ravages of the others? It seems to me that this rhetorical sentence almost answers itself. If the disability were complete, as in the case of one who was insane, it is almost banal to say that, for the purposes of the suit through which the court of chancery has obtained jurisdiction, such a party becomes a ward of the court acting as the agency of the state in its capacity of parenspatriae."
The case has now come on for final hearing. The complainant was sworn as a witness for the defendants. She vigorously insisted on the stand that the bill be dismissed and the receiver who had been appointed be discharged, and that she be permitted to manage her own affairs as to her seemed best. She is about eighty years old; she has had no business experience. She seemed on the stand to have about as much grasp of the present situation and memory of past events as would be expected of the average woman of her age and circumstances in life. If she desired that the defendants be decreed to return to her the property she had given them, I would unhesitatingly advise such a decree, but no such decree can be made without disregarding complainant's most important rights. She has never been adjudged to be non compos mentis. In the absence of such an adjudication this court cannot, without violating the provisions of the fourteenth amendment of the constitution of the United States, deprive her of the control of her property or, against her will, invalidate the gift which she has made. This court cannot, even with the best intentions, pick out one suitor and deny to her the rights which are accorded to all others. I do not think that this view conflicts with the decision of this court and of the court of errors and appeals on the motion to dismiss the bill. I take it that the *Page 502 
purpose of refusing to consent to a dismissal was to enable the court fully to investigate the situation.
There can be no adjudication in this cause that the complainant is incompetent. Such a question can be determined only in a proceeding brought for that purpose. Comp. Stat. p. 2781. On that inquiry, Mrs. Warker would have the constitutional right of trial by jury. In re McLaughlin, 87 N.J. Eq. 138. To support a judgment of incompetency and the appointment of a guardian, it would be enough if, from any cause whether by age, disease or affliction, she has become incapable of managing her own affairs.Perrine's Case, 41 N.J. Eq. 409; 5 Atl. Rep. 579.
A somewhat similar situation was presented in Howard v.Howard, 9 S.W. Rep. 411; 1 L.R.A. 610. The Kentucky court of appeals held in that case that the suit should be stayed pending an inquiry by a jury into the mental capacity of the complainant. From my observation of Mrs. Warker while she was on the witness-stand, I would surmise that she would be adjudged competent upon an inquiry into her mental condition. But her counsel who has prosecuted this case at the direction of the court has had a better opportunity to become familiar with her condition than I have had. If he thinks that a guardian should be appointed for her and that an inquest would probably result in an adjudication that she is incompetent, I will ask him to institute proceedings to that end, and will stay this suit meanwhile. Otherwise the bill of complaint will be dismissed. *Page 503