158 N.J. Super. 22 (1978)
385 A.2d 315
IN THE MATTER OF THE PERIODIC REVIEW OF THE COMMITMENT OF S.W.
Superior Court of New Jersey, Appellate Division.
Submitted February 22, 1978.
Decided March 20, 1978.
*23 Before Judges LORA, SEIDMAN and MILMED.
Mr. Stanley C. Van Ness, Public Advocate, attorney for appellant S.W. (Mr. Michael L. Perlin, Director, Division *24 of Mental Health Advocacy, Essex County Regional Office; and Mr. Daniel Baer, on the brief).
Mr. Peter G. Stewart, Essex County Counsel, filed a Statement in Lieu of Brief (Mr. Neil Markowitz, of counsel).
PER CURIAM.
Appellant, an indigent patient at the Essex County Hospital Center since her commitment by order dated December 18, 1947, was brought before the Juvenile and Domestic Relations Court for a regularly scheduled review of her commitment. R. 4:74-7(f). She was ordered discharged upon the hospital's finding an appropriate placement for her.[1]
On September 6, 1977 a further hearing was held on the hospital's request for the appointment of a guardian ad litem. It appeared that S.W. refused to sign Medicaid forms for the disbursements of moneys to enable her to be placed in a nursing home facility, reportedly because of her desire to remain in the hospital. The appointment of the guardian was sought solely for the purpose of signing the required documents.
The Deputy Public Advocate who appeared on behalf of S.W. argued that the patient should be recommitted to the hospital because she had "a psychotic condition" and, if discharged, would be dangerous to herself or to others. But no claim of mental incompetency was asserted. The hospital's representative contended that the patient was not mentally incompetent. Although the trial judge recognized the problem of appointing a guardian ad litem in the absence of proof of incompetency, he determined, without elaboration, that the patient's "interests" required her to have such *25 guardian, and an order was entered naming one Kathy Drezchner of the hospital's Social Service Department for that purpose.
This appeal followed.[2] The Public Advocate's contentions are that (1) the court's appointment of a guardian ad litem was in error since no prior determination of incompetency by a court of competent jurisdiction had been rendered, and (2) the appointment of a party with adverse interests was erroneous.
In his statement in lieu of brief the county counsel acknowledged that a guardian ad litem "may only be appointed upon a showing that the Ward's unsoundness of mind will render her unfit to govern herself and property," citing Webb v. Webb, 96 N.J. Eq. 1 (Ch. 1924), and that no such finding was made. We are told that "this problem is becoming widespread, i.e., patients who are discharged are refusing to sign the forms necessary for their funding at a less restrictive facility," and that "no judicial mechanism presently exists to solve the problem at hand." It is intimated that the Office of the Public Advocate has counseled patients "not to sign the forms in issue or passively remain neutral." The submission is that we "sustain the appointment below with instructions as to the resolution of this problem."
It is thoroughly clear that the order under review must be reversed.
At the outset, we express doubt that the appointment of a guardian ad litem was appropriate here, setting aside for the moment the matter of S.W.'s mental competency. The function of such guardian is generally to insure the protection *26 of the rights and interests of a litigant who is apparently incompetent to prosecute or defend the lawsuit. An adjudication of incompetency in such instance is not necessary; it is "sufficient if the proof makes it evident that the party from any cause, whether by age, disease, affliction, or extreme intemperance, has become incapable and unfit for the government of himself and his property." East Paterson v. Karkus, 136 N.J. Eq. 286, 288-289 (Ch. 1945). The procedure is set forth in R. 4:26-2.
But where the effect is to restrain an allegedly incompetent person of his liberty or deprive him of the control of his property and the management of his personal affairs, "[s]uch an adjudication must be sought in a constitutional manner in a proceeding instituted for that purpose." East Paterson v. Karkus, supra at 288. N.J.S.A. 3A:6-35 et seq. There can be no doubt that a judicial designation of a person to sign documents on behalf of an adult deprives the latter, to that extent, of the management and control of his personal affairs. This cannot be done without the institution of an action in accordance with R. 4:83 for the determination of his or her mental incompetency and the appointment of a general guardian for that person, the submission of medical proof that the alleged incompetent is unfit and unable to govern himself or herself and to manage his or her affairs, and an adjudication by the court of such incompetency after a hearing.
In short, if S.W. was a competent person, a guardian could not be appointed to act on her behalf. If she was not competent, the appointment of a guardian required an appropriate proceeding to that end.
Since we conclude that the trial judge here erred in appointing a guardian ad litem, we need not consider appellant's complaint with respect to the person so appointed. But in this regard informative reference may be made to East Paterson v. Karkus, supra at 290. We additionally decline the county counsel's invitation for instructions "as to the resolution of this problem." We deem it inappropriate to issue that which *27 would be at best an advisory opinion. Seeking a solution for the problem is a matter that in the first instance is better left to the diligence of counsel.
Reversed. No costs.
NOTES
[1] We gather from the meager record before us that the patient was not a danger to herself or others, and would be more appropriately cared for in another type of care facility. The medical diagnosis at the time is said to have been "cerebral arteriosclerosis stablized," and edema of both legs.
[2] Although the notice of appeal recites that it is from "the whole of the final judgment entered * * * on September 16, 1977, continuing commitment of appellant to Essex County Hospital Center * * *," the record discloses only an order of that date appointing the guardian ad litem. Moreover, appellant's brief addresses only the appointment of the guardian.