WILLIAM W. VARRICK, administrator of Augusta A. Thompson, deceased, complainant and respondent,

*v.*

ADRIAN HITT, defendant and appellant.

[Argued November 24th, 1903.  Decided February 29th, 1904.
Filed February 29th, 1904.]

A court of equity, having jurisdiction of the case made by the bill of complaint, may, notwithstanding its capacity to grant the relief prayed for, of its own motion, dismiss the bill at any stage of the cause upon the

ground that the complainant has an adequate remedy at law.  When, however, no objection upon this ground is raised by the defendant, the court may, in the exercise of a sound discretion, retain the cause.

---

*Mr. Robert L. Lawrence* and *Mr. Andrew Gilhooley* (of the New York bar), for the appellant.

*Mr. Isaac S. Taylor* and *Mr. James B. Vredenburgh,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

We concur in the conclusions of fact reached in the court of chancery, one of which was that a note for $32,000, made by the complainant's intestate to the defendant, was without consideration.   The decree below directed, *inter alia,* that the defendant deliver up this note for cancellation.   The defendant appealed from the whole of this decree.   After the argument of this appeal upon its merits, this court requested counsel to submit their views as to the jurisdiction of the court of chancery to decree the cancellation of an overdue promissory note upon the sole ground that it was without consideration, a matter that had not been argued in this court and had not been raised by the parties in the court below.   Upon a re-examination of the case with reference to this question we find the situation to have been this: The complainant, as administrator of the estate of Augusta A. Thompson, filed a bill against the defendant, Adrian Hitt, alleging with respect to the $32,000 note in question, that, if not a forgery, it was obtained by fraud or undue influence and without any consideration other than the pretension that it represented a partnership accounting, and that, together with a claim that a certain $10,000 note was a gift *causa mortis,* constituted a fraudulent scheme to acquire the entire estate in the hands of the complainant as administrator. The defendant answered all of these charges *in extenso,* submitting, however, by his answer as to all of them, that the complainant had an adequate remedy at law.

If the allegations of the bill had, at this stage, been admitted by a demurrer, it is obvious that the jurisdiction of the court must have been sustained. No demurrer was, however, interposed, and the cause proceeded with the taking of the complainant's testimony, which occupied twenty-six days before the vice-chancellor and covered all of the issues raised by the bill and answer. At the close of the complainant's case the defendant's counsel, before entering upon the examination of his witnesses, moved for leave to amend his answer by striking out the reference to the existence of an adequate remedy at law, stating that, especially as to the $32,000 note and the questions of genuineness, undue influence or lack of consideration, he desired "to withdraw that plea and unreservedly submit to this court the jurisdiction to pass upon every issue presented by the pleadings, to the end that its determination may be a final adjudication of these issues both in this court and in all other courts." At this stage of the cause the issues referred to were, all of them, open and somewhat interdependent questions, the first two of which were clearly of equitable cognizance and the last not without that scintilla of jurisdiction sustained by this court in *Palys* v. *Jewett, 5 Stew. Eq. 302.*

The defendant's motion was not an attempt by consent to confer jurisdiction upon the court, for that it already had; it was, at most, a voluntary stipulation, possibly superfluous, that if, upon any of the issues about to be litigated by the defendant, the court should reach a result conclusive of the defendant's right to enforce the note for $32,000, no objection to such decree would be made upon the ground of the adequacy of the complainant's remedy at law. This attitude of the defendant's counsel, and the withdrawal of his challenge of jurisdiction, did not prevent the court, of its own motion, from dismissing the complainant's bill at any stage of the cause upon the ground of the adequacy of the remedy at law. It simply transformed a question of right into one of discretion. The situation was similar to that presented by the case of *Lehigh Zinc Co.* v. *Trotter, 16 Stew. Eq. 204,* in which Mr. Justice Depue, writing the opinion of this court, said: "The court, of its own motion,

may dismiss a bill at any stage of the cause on the ground that the complainant has an adequate remedy at law, but where the defendant has not raised the objection until after testimony on the merits has been taken, the court, in its discretion, will retain the cause if the court is competent to grant the relief prayed and has jurisdiction of the subject-matter."

In the case before us it was not until the termination of the elaborate defence put in by the defendant, following his stipulation and relying upon the amendment of his answer, that the learned vice-chancellor reached the conclusion that, aside from the issues of forgery and fraud, the note for $32,000 was not a valid obligation of the said Augusta A. Thompson, and that her administrator was entitled to have the defendant restrained from transferring it or from taking proceedings at law for its enforcement and to have the note itself delivered up to be canceled. No right of the defendant's being involved, because none was raised, it was solely within the sound discretion of the court itself whether it should, of its own motion, at this stage of the cause, dismiss the bill and remit the parties to a relitigation of the same issue in a court of law. Testimony, covering over seventeen hundred printed pages, had been taken at a great expenditure of time and money; both parties had tried out fully the issues upon which the court proposed to base its decree; the defendant had expressly requested that such issues be considered and had stipulated that, if decided adversely to him, a decree might be entered without reference to any other remedy the complainant might have. The result that was reached rested, in a measure, upon the finding that the claim to the $10,000 note was fraudulent and part of a common scheme against the intestate's estate. With these circumstances, among others, before him, the learned vice-chancellor exercised the discretion that vested in him after the withdrawal by the defendant of his objection to the equitable cognizance of the cause. It is apparent, therefore, that the question of jurisdiction, in any broad sense of the term, was not involved, but rather the mere propriety of the mode in which a judicial discretion, arising during the progress of a cause, should be exercised, as to which,

in the present case, the appellate tribunal; after full examination, is entirely satisfied.

The decree below is therefore affirmed, without reference to the question of the jurisdiction of equity to entertain a suit solely for the cancellation of an overdue note given without consideration.

I am not unmindful that in the opinion delivered in this court in the case of *Meller* v. *Meller, 4 C. E. Gr. 457,* there is an expression to the effect that equity will decree the cancellation of a promissory note merely because it was given without consideration, and that this opinion has been cited in the court of chancery as authority for such proposition. A reading of the opinion referred to shows that a significant fact in that case was an express agreement of the defendant to deliver up the note in question upon the happening of a determinate event, and that the specific performance of this agreement formed the basis of the decree of the chancellor and of the affirmation of such decree by this court. It is therefore, to say the least, doubtful whether the remark in question was intended to be more than the individual view of the writer of the opinion, as it was entirely apart from and unnecessary to the decision of the state of the case given in the opinion itself. It furthermore confuses negotiability with transferability in a way that greatly impairs its value as an authoritative statement of the law. It is not, however, necessary now to decide what force is to be given to this language, or to express any opinion as to the soundness of the doctrine enunciated, inasmuch as, without reference to the question to which it refers, we have reached the conclusion that upon its own circumstances the decree before us should be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, DIXON, GARRISON, FORT, HENDRICKSON, PITNEY, SWAYZE, BOGERT, VREDENBURGH, VROOM, GREEN, GRAY—12.

*For reversal*—None.