JOHN D. VAN HORN

*v.*

SAMUEL R. DEMAREST, JR., and BYRON G. VAN HORN, executors of John C. Van Horn, deceased, et al.

[Decided November 26th, 1909.]

1. Upon a bill by the complainant against the executors of a testator and others, not for the specific performance of any contract, but for compensation or damages on account of the breach of a contract alleged to have been made by the testator whereby he legally bound himself to provide, by will or otherwise, for the accession by the complainant, upon the testator's death, to a parcel of his real estate and a large share of his remaining estate—*Held*, that the rights, legal or equitable, asserted by the complainant, must be based upon a contract made by the complainant with the testator and that the testator's will is not in litigation, and *held*, after examination of the evidence, that no such contract was proved.

2. When property is transferred, or services rendered, upon the understanding that compensation is to be rendered therefor through a legacy or devise, the value of what has been so supplied is generally recoverable in an action at law.

3. Where the decree of this court, on its face, will be within its jurisdiction (*i. e.*, involve no proceeding foreign to the court, and grant no remedy with which the court is not equipped), it is generally safe for the court to retain the bill and proceed to decree, even though the whole case has turned out to be strictly cognizable at law, provided, as here, no objection is made by the parties to the litigation, and any right of trial by jury has been waived, and provided further, that the court, for its own protection, does not feel called on to dismiss the bill at the end of the hearing.

Final hearing on bill, answers, replications and proofs, taken in open court.

*Mr. Elmer W. Demarest,* for the complainant.

*Mr. Peter W. Stagg,* for the defendants.

STEVENSON, V. C.

It is somewhat difficult to determine under what head of equity, if any, the bill of complaint in this cause can be classified. It is not a bill for the specific performance of any contract. No contract is alleged or proved which was capable of specific performance when the bill was filed, as the complainant then well knew. The bill perhaps may be best described as a bill for compensation or damages on account of the breach of a contract alleged to have been made by the testator, Garret C. Van Horn, with the complainant, by the terms of which Garret C. Van Horn legally bound himself to provide by will or otherwise for the accession by the complainant, upon the death of said Garret C. Van Horn, to a parcel of real estate and a large share of the remaining estate of the testator. This statement of the object of the bill, if substantially accurate, indicates the jurisdictional question presented by the case.

[The vice-chancellor then proceeded to show that the rights, legal or equitable, asserted by the complainant must be based upon a contract made by the complainant with his deceased uncle Garret C. Van Horn—that the will of Garret C. Van Horn was not in litigation in this case, the same having been admitted to probate after the complainant had had abundant opportunity to contest its validity; that the complainant might be conceded to be suffering a hardship on account of the change in his uncle's testamentary purposes, but that no such hardship could be recognized in this case or be made the basis of any equitable relief; that perhaps courts, as well as juries, in cases like this, where testators have changed their minds sometimes are too ready to give support to a feeble case of broken contract because of a very strong case of disappointed testamentary expectations.]

The complainant in this case, in my judgment, fails to establish any contract with his uncle, the testator, by which the complainant, upon the death of his uncle, was to receive the farm, or any portion thereof, or any share of the uncle's other estate.

[The evidence on this subject, which is very voluminous, was set forth and discussed by the vice-chancellor at length for the purposes of the argument of the cause before the court of errors and appeals. The vice-chancellor regards the publication of this discussion of mere matters of fact as unnecessary.]

The declaration of testamentary intentions and purposes even when the beneficiary of those intentions and purposes acts upon such declaration to his injury, does not necessarily constitute a contract. The lure of a legacy is often held out to attract attention and service. Personal attention and service are often assiduously rendered in the hope of a legacy. When property is transferred or services rendered upon the understanding that compensation is to be rendered therefor through a legacy or a devise, the value of what has been so supplied is generally recoverable in an action at law. *Brown St. of F.* § *118;* *Duvale* v. *Duvale, 54 N. J. Eq. (9 Dick.) 581, 588.*

The defence of the statute of frauds is available to the defendants under their answer which denies the making of the contract. *Lozier* v. *Hill, 68 N. J. Eq. (2 Robb.) 300,* and cases cited on p. *305.*

Counsel for the complainant admits that the statute of frauds would bar any action at law on the alleged contract to devise the farm. Whether parol evidence of a lost memorandum in writing can be admitted is a matter about which the decisions are said to be conflicting. *Brown St. of F. 346.* If evidence that a written memorandum once existed can satisfy the statute, it is a safe rule to insist that the proofs must be "reasonably clear and certain." *29 Am. & Eng. Encycl. L. (2d ed.) 875.* If we assume that the letter described in the amended bill constituted a sufficient memorandum—a matter certainly open to debate—the evidence that such a letter was ever written by the testator is, to my mind, far from convincing for reasons which have been heretofore stated. But extensive discussion of this subject is unnecessary. Counsel for the complainant does not claim that any sufficient memoran-

dum in writing has been proved in this case; his contention is that part performance of the alleged contract on the part of the complainant takes the case out of the statute! This argument, it seems to me, is fallacious because all the alleged acts of part performance are plainly referable, not to any contract to give the farm to the complainant at the testator's death, but to the contract which confessedly existed between these two parties in pursuance of which the complainant lived upon and worked the farm. It is true that the complainant for four years tilled this large farm in pursuance of a contract, but the difficulty is that nothing that the complainant so did during all this period presents the slightest indication that the contract contained the provision which is the subject of the dispute in this case. An ordinary tenant of a farm holding under a lease, verbal or written, fixing the rent which he is to pay and the use which he is to enjoy of the demised premises, cannot invoke his life and work on the farm as evidence that as a part of the contract the farm was to be conveyed to him. The rule which gives efficiency to acts in the way of part performance of a contract to take the contract out of the operation of the statute of frauds only in case those acts are plainly referable to the contract, has been fully adopted and repeatedly applied in this state. *Vreeland* v. *Vreeland* (*Chancellor McGill, 1895*), *53 N. J. Eq.* (*8 Dick.*) *387; Cooper* v. *Colson* (*Court of Errors and Appeals, 1903*), *66 N. J. Eq.* (*21 Dick.*) *328.* I cannot see how the defendant's occupation and cultivation of this farm and his care of these old people on the farm could possibly be deemed such efficacious part performance of this alleged contract to give the farm to the complainant without practically overruling the decision of our court of last resort in the last cited case. The court of errors and appeals, through Mr. Justice Fort, say (at *p. 330*) : "The terms of the contract must be established by the proofs to be clear, definite and unequivocal and the acts relied on as part performance must be exclusively referable to the contract." This opinion and the cases therein cited also support the general proposition that where the services rendered as the consideration of the promise to make the devise of land are capable of complete compensation in an action at law upon a *quantum meruit,* the case stands within the operation

of the statute. In the most of the cases of the class to which the present case belongs where complainants have been successful, the court has found that the remedy on the *quantum meruit* would be inadequate; that the defendant had changed his position in life, sacrificed his prospects or in other ways subjected himself to loss of an indeterminate nature and extent so that he would suffer from hardship, or even fraud, if the land were not awarded to him. This feature is conspicuously absent in the present case.

It could hardly be gravely asserted on behalf of the complainant that what he did and suffered on behalf of his aged uncle while he was living on the uncle's farm at Closter, called for compensation to the extent of $68,000, or even $7,000, which counsel for the complainant estimates as the value of one-half the farm.

If we leave the statute of frauds out of view it seems to me that for reasons which perhaps have already been sufficiently exhibited, the contract which the complainant undertakes to prove in this case is not one which would be specifically enforced by a court of equity. The uncertainty as to the exact subject-matter of the contract, its improvidence, its lack of consideration moving to the testator, and the laches of the complainant in respect of the enforcement of his rights under an important part of the alleged contract would, I think, bar the complainant of relief. But as stated at the start, this is not and could not be a suit for the specific performance of any contract. It is a suit to recover damages for the breach of a contract. The complainant does not seek to have the farm conveyed to him, but, on the contrary, admits in his bill that the farm is beyond his reach. The complainant does not seek to recover a legacy but a sum of money which will compensate him for the loss of the legacy which he alleges the testator bound himself to leave him in his will. The complainant, if successful, would be theoretically placed in the same position as if the legacy had been given to him in the will, but the remedy thus secured is not technically the specific performance of a contract. Where land is the subject-matter of the contract of the testator the case may be different. Where the contract deals with a legacy the pecuniary recovery at law or in equity, in case of a breach, is no more an instance of specific performance than where the defendant is compelled by stress of

judgment and execution at law to pay the amount of his promissory note with interest.

During the progress of the trial the question was raised by the court whether the complainant's case as alleged or proved brought it within the cognizance of equity. The defendants by their counsel raised no such point either in their answers or at any time during the progress of the trial. The answers joined issue upon the allegations of the bill and the proofs taken and the arguments submitted were all addressed to the proof or disproof of those allegations. As has been heretofore several times pointed out, this is not a suit for the specific performance of a contract because, as the bill alleged, the land had been conveyed away and placed beyond the reach of the complainant during the lifetime of the testator. The cases which establish the jurisdiction of a court of equity to retain a bill for specific performance and award the complainant damages, where prior to the filing of the bill, and without the knowledge of the complainant, the subject-matter of the contract has been put beyond reach, do not in the slightest degree support the jurisdiction of the court in this case.

The complainant's case, however, as alleged and as exhibited in the proofs should probably be regarded as exhibiting some equitable feature. If the widest claim of the complainant had been recognized and enforced, an accounting according to the insistment of complainant's counsel would seem to be necessary, and other proceedings might follow which could not be conveniently taken in a court of law. There is also authority, I think, for the proposition that the conveyance by the testator of the Closter farm to Dr. Curtiss in the spring of 1901 without the knowledge of the complainant would have been a fraud upon the complainant if the complainant had then been the equitable owner of the farm under a contract which gave him the farm absolutely upon the testator's death. If this transaction was fraudulent the defendant Byron G. Van Horn participated in the fraud.

The *scintilla* of equity is perhaps as perceptible in this case as it was in *Palys* v. *Jewett, 32 N. J. Eq. (5 Stew.) 302.*

See *Varrick* v. *Hill (Court of Errors and Appeals, 1903), 66 N. J. Eq. (21 Dick.) 442; Lehigh Zinc Co.* v. *Trotter, 43 N. J. Eq. (16 Stew.) 185, 204; Seymour* v. *Long Dock Co. (1869),*

*20 N. J. Eq. (5 C. E. Gr.) 396, 407; Coast Company* v. *Spring Lake, 56 N. J. Eq. (11 Dick.) 627; Mertens* v. *Schlemme, 68 N. J. Eq. (2 Robb.) 544, 548.*

It may be that the doctrine of *scintilla equitatis* will be found to have a relation to the jurisdiction of the court of chancery analogous to that which anciently the doctrine of *scintilla juris* bore to the support of a shifting use. Where the decree of the court on its face will be within its jurisdiction, *i. e.,* involve no proceeding foreign to the court, and grant no remedy with which the court is not equipped, it seems to me that it is generally safe for the court to proceed even though the whole case has turned out to be strictly cognizable at law, provided no objection is made by the parties to the litigation, and any right of trial by jury has been waived, and provided further that the court for its own protection does not feel called upon to turn the litigating parties away at the end of an expensive trial. In such case the doctrine that consent cannot confer jurisdiction seems to be inapplicable. The supreme court by consent of the parties cannot grant a judgment of divorce. The court of chancery with the consent of the parties at the end of an expensive litigation cannot grant a decree ousting the defendant from the office of sheriff and giving such office to the complainant. Where, however, the parties have come into a court of equity in good faith not seeking to impose on the court, and have tried their case, the mere fact that the absence of some evidence or the presence of some evidence leaves the case subject to the jurisdiction of the courts of law, ought not, I think, to induce the court on its own motion to decline to proceed to a decree. The parties to a litigation in the court of chancery have a right to stipulate evidence into the cause which the court will receive even though such evidence is essential to exhibit a case of equitable cognizance. Where the parties do not expressly supply the necessary jurisdictional facts by a stipulation, it would seem that their conduct in litigating the cause and insisting that the court shall hear and determine the same may well be deemed equivalent to such a stipulation. See *Varrick* v. *Hitt, supra, 444.* Of course, the court of chancery will guard itself against imposition and will not permit parties to try an action in equity which they know is exclusively cognizable by a court of law. No doubt

this court has the power to reject a formal stipulation signed by all the parties to a cause if necessary to thwart such an attempted imposition. The parties themselves, however, would all be estopped to deny the existence of the facts necessary to found equitable jurisdiction which they had stipulated into the case.

I have considered with some care the question whether or not the decree in this case denying the complainant relief should be without prejudice to his right to bring an action at law either on a *quantum meruit* or for damages on account of the breach of the alleged contract or contracts between himself and the testator. This law suit, however, it seems to me, is the very thing which this court has now tried by the procurement of the complainant and with the consent of the defendant, both parties insisting that such trial should be held. If the complainant had filed a bill strictly for the specific performance of the contract to give him the farm, and on account of the statute of frauds or on account of the indefiniteness of the promise or its testamentary character specific performance had been refused, the case would have been entirely different and the complainant might properly be remanded to the law court for any action which he might be able to maintain on a *quantum meruit* for the value of any services which he rendered upon the understanding that such services would be compensated for by a devise of land. If this court has jurisdiction to decide what it has undertaken to decide in this case, it seems to me that the complainant can get all that is due him either by the action of this court or of the court of errors and appeals, without being required to start over again in an action at law. It may be again noted in this connection that it does not appear from the evidence that the complainant rendered any service or gave anything of value to his uncle, the testator, for which he was not fully and fairly compensated under the terms of the contract with reference to the occupation and management of the farm. This suit is a bold effort to recover in equity a very substantial fortune estimated by counsel for the complainant at over sixty-eight thousand dollars in cash, not one dollar of which the testimony in the case shows the complainant ever earned in any way. I see no reason why the decision of this law suit in this court and in the court of last resort on appeal should not be final

as to all matters which a court of equity has jurisdiction to try in the case. Whatever may be the effect of the decree as an estoppel, there seems to be no reason for limiting that effect by any express reservation.