The complainant is one of six children of the late Frederick and Rachel Welsh. The father left his estate to his widow and five children, the complainant being excluded. The bill alleges that the complainant had reasonable grounds for contesting his father's will; that he intended doing so, and that his mother promised and agreed that if he would not, and permitted it to be probated, she "would by a will, to be made to her, leave to complainant an additional share of her property, so that, in addition to what he would normally receive under the laws of descent and distribution as one of the heirs and next of kin of his said mother, complainant would receive an amount large enough to make up for his loss of the share of his father's estate which he would have received had his father died intestate," and that relying on the promise he refrained. The mother did not leave the *Page 418 
promised will, and the bill prays that it be decreed that the defendants hold in trust for the complainant their shares of, and interest in, the property, real and personal, whereof their mother died seized or possessed, or so much thereof as will be necessary to carry out the terms and provisions of their mother's agreement with the complainant, and that they be decreed to convey and pay over the same, or so much thereof as may be necessary to specifically carry out the terms and provisions of the agreement. The defendants are the five children and the administrator of the mother.
The complainant was permitted to testify, under objection, for the purposes of the record, of transactions and conversations with his mother, but his testimony is incompetent under section 4 of the Evidence act. Comp. Stat. p. 2218. There is testimony, however, by other witnesses that tends to establish the contract. The case made out by the bill, and, in a measure, supported by the proofs, is that of a promise, made upon a valuable consideration, to bequeath or/and devise property, generally, of the promisor's estate of a definite value, said to be $4,859.94, and is, in effect, a promise to pay a liquidated sum of money at the death of the promisor, and, by will, to order that it be paid out out of the promisor's estate. For the redress of a breach of such a promise the law courts furnish an adequate remedy in damages. Holcombe v. Griggs, 78 N.J. Law 186. The relief sought for this breach of a simple contract does not come within any of the recognized heads of equity jurisdiction. The promise bequest, or/and devise, was not to be of any specific money or other personal property, or real property, or a combination of them. The promise was not to leave a fractional part or a proportional share or the whole of the estate, capable of specific performance, as in Johnson v. Hubbell, 10 N.J. Eq. 332; Schutt v. Missionary Society, 41 N.J. Eq. 115; Young v.Young, 45 N.J. Eq. 27; Duvale v. Duvale, 54 N.J. Eq. 581;Clawson v. Brewer, 67 N.J. Eq. 201; affirmed, 70 N.J. Eq. 803;Lawrence v. Prosser, 88 N.J. Eq. 43. There was no lien expressly created nor can the promise be impressed as a lien and enforced on any *Page 419 
specific property of the promisor's estate. And there was no trust imposed, by the promise, upon the administrator personally as to property to come to her hands, or upon the heirs-at-law as to the real estate which devolved upon them by law, and none results by legal implication. There is nothing in the promise that fastens it upon any particular property, nor anything that will permit equity to affix property to it. For the breach of this naked promise, relief, if any, must be sought at law.Duvale v. Duvale, supra; Lawrence v. Prosser, supra.
The case is not to be entertained upon a scintilla of jurisdiction which has sometimes moved equity to determine the issues made by the evidence, and decree relief purely legal, as in Van Horn v. Demarest, 76 N.J. Eq. 386. There the bill counted on a breach of contract to leave property by will, and Vice-Chancellor Stevenson decided the merits presented by the proofs and denied relief, purely legal, but to hold jurisdiction he strained to find some equitable feature in the bill. The vice-chancellor was also of the opinion that in such circumstances (equity in the bill) the court, by consent of the parties, and in its discretion, could safely proceed to judgment, though the cause be strictly one for the law courts, provided the decree on its face would be within its jurisdiction, i.e., that if the record did not disclose the absence of jurisdiction the decree would be invulnerable to collateral attack, as the parties themselves would be estopped from going behind the record to disturb it. The court of errors and appeals reviewed and affirmed the decree (77 N.J. Eq. 264) with the observation that "we are not to be understood, however, as holding that the case was one of equitable jurisdiction. No objection was made on this ground, and it would be wrong to dismiss the bill, for that reason, at this stage of the proceedings." In Varrick v. Hitt, 66 N.J. Eq. 442,
the bill disclosed equitable grounds, but the proofs showed only, and, perhaps a legal cause for action, and the relief granted was reviewed on appeal and affirmed; the jurisdiction being sustained upon the exercise of the discretionary right of the chancellor to retain a cause which, *Page 420 
on the face of the bill, was maintainable in equity. In Palys
v. Jewett, 32 N.J. Eq. 302, this court entertained a suit for unliquidated damages against one of its receivers, for a tort during the receivership, and the court of errors and appeals, while holding that the jurisdiction over such claims was at law and not in equity, retained the cause and reviewed and reversed the decree upon the scintilla of jurisdiction conferred by the order of the chancellor allowing the suit to be brought in chancery. But here there is no such background. The bill is void of equitable cause and there is no procedural ground upon which jurisdiction can be presupposed. Where, as here, the subject-matter of the suit in equity is purely for the vindication of a legal right, remedial at law, and though the cause is ripe for decision, and no objection to the jurisdiction has been made, or the parties consent, the cause ought to be dismissed, not in discretion but as a matter of clear duty, because of want of jurisdiction. The doctrine of scintilla of jurisdiction is invocable by the courts, in proper circumstances, for the convenience of the parties, not by the litigants for their accommodation. Lehigh Zinc and Iron Co. v. Trotter,43 N.J. Eq. 185 (at p. 205). In Mason v. Ross, 77 N.J. Eq. 527; Thropp v. Public Service Electric Co., 84 N.J. Eq. 144;Barry v. Tunick, 97 N.J. Eq. 281, all cases involving purely legal rights, equity jurisdiction was denied, on appeal, after decision on the merits. In the latter case the parties not only requested but persisted in an adjudication of their rights in equity, and the court, yielding, was reversed for lack of jurisdiction.
The bill will be dismissed. *Page 421