By bill filed June 20th, 1942, Eliza C. Hill brought suit for rescission and cancellation of all contracts or agreements made by her and her sister, Mary E. Trauger of the one part, with defendants Frank B. Ribble and wife of the other part, whereby the former leased to the latter and to the survivor of them, the premises 25 Townsend Street, Newton, for the lives of the lessors and agreed to devise said premises to the lessees, or the survivor of them.
Such an agreement was made in writing between the said parties under date of March 8th, 1935, at which time the *Page 487 
premises were owned by Mrs. Trauger and Miss Hill as joint tenants, and the defendants were in occupancy thereof as their lessees. The sole conditions to be performed by the defendants, as contained in that agreement, were that they would occupy the premises for the joint lives of Mrs. Trauger and Miss Hill; would pay a monthly rent of $25 in advance; would not underlet or sublet and would do no unnecessary damage to the premises. The owners agreed that upon performance of those conditions they would "give and bequeath" said premises by their last wills and testaments to the defendants, or the survivor of them. The defendants have continued in such occupancy to the present time and have performed fully all the conditions expressed in said agreement on their part to be performed. Mrs. Trauger died May 26th, 1940, leaving Miss Hill surviving, and she as sole owner conveyed the premises to May E. Northrup by deed dated June 18th, 1941, for a stated consideration of $1, expressly subject to the rights of tenants. Mrs. Northrup joined in the bill as co-complainant seeking the same relief as prayed for by Miss Hill.
Complainants raise no question concerning the execution of the written agreement. The relief they seek is based on an alleged supplemental oral agreement which Miss Hill claims defendants made with her and Mrs. Trauger just prior to the execution of the written agreement, as further consideration for their promise to lease and devise said premises to defendants. Miss Hill claims that the oral agreement was that defendants, during the lives of Mrs. Trauger and herself and the survivor of them, would (in the words of the bill) work the garden, mow the lawn, take care of furnace, remove snow from sidewalks and do all other jobs about three other nearby properties owned by Mrs. Trauger and Miss Hill, and would care for their personal needs and requirements and attend them in case of trouble or illness. The complainants contend that because defendants have not complied with the oral agreement, both the written and oral agreements to lease and devise made by Mrs. Trauger and Miss Hill should be rescinded. It is sufficient on this part *Page 488 
of the case to say that defendants denied making any agreement with Mrs. Trauger and Miss Hill other than the one in writing and that the proofs on the part of complainants in support of the oral agreement alleged by Miss Hill were wholly insufficient, and that at the conclusion of the hearing the bill was dismissed.
The difficult question for decision arises out of a counter-claim filed by defendants against complainants praying that the written agreement between defendants and Miss Hill and Mrs. Trauger be confirmed and declared in full force and that complainants be decreed to specifically perform the same; that the conveyance made by Miss Hill to Mrs. Northrup be declared null and void and that defendants have such other relief as the nature of the case may require.
The proofs satisfy me that the written agreement between Miss Hill and Mrs. Trauger of the one part, and the defendants of the other part is the only agreement on the subject-matter thereof entered into between the parties; that the defendants have fully performed their part of that agreement up to the present time and aver their desire and intention to continue performance; that Miss Hill has declared her intention not to devise the premises to defendants and, by her conveyance to Mrs. Northrup, has made it impossible for her to do so. On such proofs defendants are entitled to the aid of this court to protect their interest under the agreement. The difficulty arises because the court cannot at this time direct the complainants to specifically perform the agreement. The defendants are not entitled to have the premises until after the demise of Miss Hill, and not then unless they or one of them be then living and there has been full future compliance on their part with those terms of the written agreement on which their right to receive title to the premises was made to depend; and also because the court cannot at this time direct Miss Hill (who has divested herself of title to the premises), to execute an efficacious testament under which title will pass to defendants at her death. But the title to the premises being now in Mrs. Northrup, who I find took title with full notice of defendants' claim *Page 489 
under the written agreement, and the conveyance to her being therefore in fraud of that agreement, the court should protect the defendants against the consequences which may follow from that fraud. Mrs. Northrup may convey to an innocent purchaser, or encumber the premises and thus defeat defendants' future right to receive the title unaffected by any act of hers and the court should by its decree settle the rights of all parties so far as such rights can be determined now (Van Dyne v. Vreeland,11 N.J. Eq. 370; S.C. 12 N.J. Eq. 142; Davison v. Davison, 13 N.J. Eq. 246; Duvale v. Duvale, 54 N.J. Eq. 581; affirmed, 56 N.J. Eq. 375).
I will advise a decree that the written agreement between Mrs. Trauger and Miss Hill of the one part, and the defendants of the other part is established as a valid (and the only) contract between the parties thereto with reference to the lease and devise of the premises here in question and that it states all the terms and conditions upon which the defendants will be entitled to receive title thereto; that the conveyance from Miss Hill to Mrs. Northrup is a fraud on that agreement and of no effect as against defendants; that Mrs. Northrup holds title in trust subject to that agreement and free of any claim of her husband (if she has one) to a right of curtesy, so far as such right may affect defendants; that at Miss Hill's death, Mrs. Northrup shall, if she be then living, convey said premises to the defendants, or to the survivor of them, if the defendants or one of them be then living and they have complied fully with the terms of said agreement; or if Mrs. Northrup shall not be living at Miss Hill's death, such conveyance shall be made by her heirs or devisees; that Miss Hill and Mrs. Northrup be restrained from aliening or encumbering the premises during their lifetime, or the lifetime of the survivor of them, in any way which will affect the rights of the defendants as herein defined; that Mrs. Northrup shall pay all municipal charges hereafter levied against said premises and in case any municipal charge is now in arrear, or subsequently becomes in arrear, the defendants or the survivor of them, may retain from the rent of said premises, or from the rent hereafter to accrue, *Page 490 
so much thereof as may be required to pay municipal charges and apply the retained amount for such purpose.
The testimony shows that the defendants paid the rent as reserved by the agreement up to and including the month of September, 1940, and that thereafter they made tender of such rent monthly and that tender was refused. The defendants will be decreed to pay such rent to Miss Hill from and including the month of October, 1940, to and including the month of June, 1941, and to Mrs. Northrup from and including the month of July, 1941, and until the death of Miss Hill, or in case of Mrs. Northrup's prior death, to her heirs or devisees. Payment of rent will be subject to what has been stated with regard to non-payment of municipal charges.
Such a decree will determine the rights of the parties as from the proofs presented to the court it appears they should now be established. Conditions may arise hereafter which may make it necessary for the parties to apply to the court for redress, and leave for such purpose will be reserved at the foot of the decree.