This is a suit to foreclose two mortgages executed March 25th, 1936, by the defendants Joseph Pozniak and Helen Pozniak, his wife, who were tenants by the entirety. Mrs. Pozniak defends and counter-claims for the annulment of the bonds and mortgages on the ground that she was incompetent because of insanity at the time they were made. Two and a half years earlier, in October, 1933, she was committed by the Juvenile Court to the Essex County Hospital for the *Page 68 
Insane, and there she remained until a month or more after executing the mortgages, that is, until May 9th, 1936, when she was allowed to return to her home. But she was not formally discharged until August 10th, 1938.
After Mrs. Pozniak entered the hospital, liens on the property, which is the subject of the present litigation, fell into arrears. The Home Owners Loan Corporation was willing to refinance. The attorney for the corporation, early in 1936, instituted a proceeding in Chancery to have Mrs. Pozniak adjudicated a mental incompetent and to have appointed a guardian who might execute the necessary documents. He relied, of course, on the staff at the hospital to furnish the proof of insanity but found them reluctant. I gather that they doubted her incompetency. The hospital case notes record under date of February 24th, 1936,
"Has shown much improvement during the last three weeks. She is now more accessible and is taking an interest in outside activities and helping with ward routine work. She is going to Occupation tomorrow afternoon. Expresses a desire to go home but realizes it would be best to wait until completely recovered."
The corporation decided to accept a bond and mortgage executed by the patient herself, if the medical authorities, after full consideration, concluded that she was competent. I quote again from the hospital notes:
"March 21. Patients' mental condition appears to remain stationary now. She may be at her maximum improvement. There does appear to be a slight deterioration."
On March 25th, Mrs. Pozniak was examined by Dr. Guy Payne, the head of the hospital and five members of his staff. There were also present Mr. Pozniak, Edward Schlittenhart, closing attorney for the Home Owners Loan Corporation, and Charles C. Deubel, attorney for the Pannonia Building and Loan Association, holder of the old first mortgage. After the examination, which was conducted by questioning the patient, the doctors were unanimous in the opinion that she was competent to execute the documents. Thereupon, she and her husband signed three bonds and mortgages to the *Page 69 
Home Owners Loan Corporation, the Building and Loan Association, and Mrs. Helen Czerkies, respectively. Mrs. Czerkies held an old second mortgage. The attorneys present took the acknowledgments. The old liens were promptly canceled. The second and third mortgages have been assigned to complainant and are the subject of this suit. Ten days after the new mortgages were created, on April 11th, Mrs. Pozniak was allowed to go home for the night. The experiment was repeated on April 25th. Then, on May 9th, she was permitted to leave the hospital in the care of her husband and did not return again, except for five days toward the end of June, for some medical treatment and observation.
Counsel for Mrs. Pozniak puts much emphasis on the final order of commitment made by the Juvenile Court. Pursuant to R.S.30:4-30, c., the judge determined that she was "insane and a proper person to be confined." Such an order has been held evidential on the issues raised in the present suit. Coombs v.Witte, 104 N.J. Law 519. An insane person, committed to a hospital, is presumably incompetent. But the presumption is by no means conclusive. The subject of inquiry by the Juvenile Court was whether the patient should be confined in the hospital; not whether she was incompetent to manage her affairs. An inquest of the latter sort, resulting in a divestment of all power and control by the lunatic over his affairs and estate, may be made only by a jury upon a commission from the Court of Chancery.R.S. 3:7-35, c.; In re McLaughlin, 87 N.J. Eq. 138. There has been no inquest or appointment of a guardian for Mrs. Pozniak. For cases dealing with the distinction between the two proceedings, see Note in 7 A.L.R. 573.
The issue in the present case is not whether Mrs. Pozniak was insane. Upton v. Conway Lumber Co. (N.H.),128 Atl. Rep. 802. The test is, "Did the person whose act is brought in judgment possess sufficient ability at the time he did the act, to understand in a reasonable manner the nature and effect of his act or the business he was transacting? If he did, his act is valid * * *. This is the rule in the absence of fraud." Davren
v. White, 42 N.J. Eq. 569; Wilkinson v. Sherman, 45 N.J. Eq. 413; 47 N.J. Eq. 324; *Page 70 Hayward v. Passaic, c., Trust Co., 120 N.J. Eq. 512; 123 N.J. Eq. 592;
see, also, 17 C.J.S. 479 § 133.
Mrs. Pozniak testified that she did not remember signing any papers at the hospital; indeed, that she did not remember being there at all, even vaguely. She is, of course, an interested party, and the weight of her evidence is affected by the fact that loss of memory is not a normal incident of the disease from which she was suffering. Dr. Florence Obuchowski, who had direct charge of Mrs. Pozniak the greater part of the time she was confined, and Dr. Payne testified to their opinion that she knew what she was about when she executed the mortgages and that she was competent. Mr. Deubel asked Mrs. Pozniak at the conference on March 25th if she knew him and she replied, "Oh, yes, you are the building and loan lawyer." He explained to her more fully than usual the nature of the papers she was signing, was satisfied she fully understood the nature of the transaction, and thereupon he took her acknowledgment.
There is no question of fraud or overreaching in this matter. The proceeds of the Home Owners Loan Corporation's mortgage, paid the taxes and the amount due the Building and Loan Association, except $1,100. The association took a second mortgage for $1,011 and accepted a small loss. Mrs. Czerkies took a third mortgage for $1,080 which was the amount due on her old mortgage, made in 1931. The last two are the mortgages now in suit.
I find that Mrs. Pozniak was competent to execute the bonds and mortgages. Even were she incompetent, the result would probably be the same, since, as a condition of avoidance of the mortgages, the old liens would be reinstated. 17 C.J.S. 484 and 920. The counter-claim will be dismissed and a decree of foreclosure will be advised. *Page 71