[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 586 
[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 587 
The plaintiffs in their original complaint sought specific performance by the defendant of an oral agreement to make and execute a will in which her entire residuary *Page 588 
estate, with the exception of a legacy of $200 would be left to the plaintiffs; to enforce a trust upon a parcel of real estate, a residence owned by the defendant at No. 55 Kenwood Place, East Orange, New Jersey; and to restrain defendant from conveying, encumbering or otherwise disposing of said premises or in any way impairing the title thereto in derogation of the rights of the plaintiffs. The defendant moved to strike the complaint on two grounds, first, that plaintiffs have an adequate remedy at law, and, second, that the complaint was prematurely filed.
In substance, the complaint alleges that in 1941 plaintiff, William C. Galloway, an engineer, and his wife, Kathleen Galloway, a registered nurse and housewife, became intimate friends of the defendant and her husband, Herbert G. Eichells, since deceased. Defendant and her husband were not in robust health. Plaintiff, Kathleen Galloway, rendered nursing services and household assistance to defendant and her husband, and plaintiff, William C. Galloway, rendered assistance in business affairs. The relationship of the parties developed to such a point that they moved into one household and shared expenses. This situation continued until October, 1946, when plaintiffs were forced to move from the premises because of defendant's hostile attitude.
The core of the complaint is as follows: — "3. * * * As a result of services thus rendered and agreed to be rendered in the future, on or prior to August 18, 1943, the said defendant and her said husband agreed that in consideration for such services rendered and to be rendered they would make and execute similar wills in which the entire residuary estate of the survivor of them, with the exception of a legacy of $200 to be made to Mrs. Eichells's sister, would be left to the complainants, upon condition that complainants make like wills bequeathing their estates to the defendant and her said husband, with which such conditions these complainants have complied."
The complaint further alleges that the defendant's husband died testate. By his will he gave his estate to his wife, the defendant, providing therein that if she had predeceased him, the residuary estate would have gone to plaintiffs, that although *Page 589 
defendant executed a will similar in form to the will of her husband, plaintiffs are "informed and believe that the said defendant revoked the will so alleged to have been made by her and has executed a new will eliminating complainants from any provision thereunder, and has also threatened to make sale of said Kenwood Place residence and to take permanent residence outside the State of New Jersey." Plaintiffs allege their willingness "to perform the undertakings on their part" and that they are "prevented from performing by reason of the action and attitude of the defendant."
The primary issue raised in the instant case is whether under the stated facts the remedy of specific performance of the alleged oral agreement is available and enforceable in the lifetime of the defendant promisor, and whether restraint against alienation by defendant of her property ought to be imposed.
It is entirely settled that in an appropriate case upon presentation of the requisite proof specific performance of an oral agreement to make a will can be enforced White v. Risdon,140 N.J. Eq. 613 (Ch. 1947); Epstein v. Fleck,141 N.J. Eq. 486 (E. A. 1947). While often spoken of as specific performance, however, "It is, of course, not technical specific performance; since there is no attempt to compel the promisor to make a will. It is rather relief in the nature of specific performance. The real purpose of such a proceeding is to have the heirs, devisees, next-of-kin or personal representatives of the deceased promisor held as trustees of the property which the promisor had agreed to devise or bequeath, and to compel them to hold the legal title thereto for the benefit of the promisee."Page on Wills (Lifetime ed.), vol. 4, sec. 1736, page 896;Johnson v. Hubbell, 10 N.J. Eq. 332 (Ch. 1855); Lawrencev. Prosser, 88 N.J. Eq. 43 (Ch. 1918); Pomeroy, SpecificPerformance (3rd ed.) sec. 191, page 490.
A contract such as plaintiffs allege, defendant may perform at any time during her lifetime; no breach can be assured as long as she lives; and equity has no present power to compel defendant to execute such a last will and testament. If defendant should die without leaving a valid will in accordance with her contract, the contract would then be broken. *Page 590 Page, vol. 4, sec. 1726-1733, pp. 878-890; Riley v.Allen, 54 N.J. Eq. 495 (Ch. 1896); Eggers v. Anderson,63 N.J. Eq. 264 (E. A. 1901); Van Meter v. Norris,177 Atl. 799 (Sup.Ct. Pa. 1935); Bolman v. Overall, 80 Ala. 451, 2 So. 624; 60 Am. Rep. 107; Pomeroy, SpecificPerformance, sec. 191, p. 492.
Usually in a proper case when relief is afforded in the lifetime of the promisor, particular property is involved and a trust is imposed or fastened or a lien created or enforced upon that property. Duvale v. Duvale, 54 N.J. Eq. 581 (Ch.
1896); 55 N.J. Eq. 589 (E. A. 1897); 56 N.J. Eq. 375(E. A. 1897); Welsh v. Hour, 100 N.J. Eq. 417 (Ch.
1927); Hill v. Ribble, 132 N.J. Eq. 486 (Ch. 1942). In the instant case, the agreement does not relate to any specific real estate or personal property, except defendant's residuary estate, but there may be none at the time of defendant's death. The case made by the plaintiffs does not warrant any judicial interference with the defendant in the use or enjoyment of her property in her lifetime. As Vice-Chancellor Backes said inWelsh v. Hour, supra, "There was no lien expressly created nor can the promise be impressed as a lien and enforced on any specific property of the promisor's estate * * * There is nothing in the promise that fastens it upon any particular property, nor anything that will permit equity to affix property to it. For the breach of this naked promise, relief, if any, must be sought at law."
An agreement such as alleged may, however, be repudiated by the promisor in his lifetime, and, in such instance, recovery may be had at law upon quantum meruit for services rendered. Van Hornv. Demarest, 76 N.J. Eq. 386 (Ch. 1909); Riley v.Allen, supra; Eggers v. Anderson, supra; Lawrence v. Prosser,supra; Duvale v. Duvale, supra. Indeed in recognition of this right, plaintiffs, after the argument on the motion to strike the complaint, amended their original complaint by adding two causes of action for quantum meruit for services rendered, one by the husband and the other by the wife.
While there has been a fusion of the Court of Chancery and some of the law courts into the Superior Court by the Constitution of 1947, Article VI, there are Chancery and Law Divisions in the Superior Court. Rule 3:40-2 governing civil *Page 591 
practice in the Superior Court provides "* * * If the primary right of the plaintiff is equitable or the principal relief sought is equitable, the action is to be brought in the Chancery Division, even though legal relief is demanded in addition or as an alternate to equitable relief" and Rule 3:40-3 provides for "transfer of an action from one of the trial divisions to the other trial division."
I have concluded that the motion to strike the original complaint should be granted. The only relief to which plaintiffs may be entitled under the two added causes of action is legal, namely, damages for the alleged renunciation of the asserted contract, on which issues the parties may have a trial by jury. The time for pleading to the amended complaint has not yet expired. Accordingly an order will be entered striking the original bill of complaint and transferring the added causes of action to the Law Division for trial.