CATERINA SALVEMINI AND NICOLO SALVEMINI, PLAINTIFFS-RESPONDENTS, v. DOROTHY GIBLIN, DEFENDANT-APPELLANT.

Argued February 11, 1957—Decided April 8, 1957.

124

*Mr. Anthony P. LaPorta* argued the cause for appellant.

*Mr. Rudolph R. Naddeo* argued the cause for respondents.

The opinion of the court was delivered by

WEINTRAUB, J.   On May 2, 1955 Carmine Pascale conveyed 318–320 Park Avenue, Hoboken, New Jersey, to his niece Pauline Gatto and her husband Peter, and on June 24, 1955 the Gattos conveyed to plaintiffs.   Plaintiffs brought this action against Dorothy Giblin to recover possession of an apartment therein occupied by her.   Defendant resisted, claiming a right to possession (a) as wife of Carmine Pascale and (b) under a contract between her and Pascale dated January 5, 1955.   On the same basis, she counterclaimed for a judgment for possession and an accounting of rents collected.   On cross-motions for summary judgment, plaintiffs prevailed.   Defendant was unsuccessful in her appeal to the Appellate Division, 42 *N. J. Super.* 1 (1956), and on her petition we granted certification, 23 *N. J.* 115 (1956).

The case as presented to the trial court concerned solely the right to present possession.   The determination of this issue by the trial court and Appellate Division was clearly correct.   The evidence demonstrates that defendant is not the wife of Pascale, and of course, if she were, still her dower interest would be inchoate and would not become consummate and actionable until his death.   *Hampton v. Hampton Holding Co.,* 17 *N. J.* 431, 438 (1955).   Nor can defendant predicate a right to possession upon the agreement of January 5, 1955.   It provided that in consideration of defendant's covenant to act as his housekeeper, Pascale "will execute a Last Will and Testament in favor of Dorothy Giblin in which he will leave her all his entire estate, real, personal and mixed property, providing that she is still his housekeeper on the date of his death and that in the event she quits as his housekeeper before that time then and in that event she will not get any part of his said estate."   His obligation was to leave defendant by

will whatever should constitute his estate at the time of his death, and of course his will executed simultaneously with the contract and in conformity with it cannot operate in his lifetime. He did not grant her a present interest in the property here involved; nor did he bargain away his right to sell it.

On appeal to the Appellate Division, however, defendant proffered another issue. She then for the first time argued that she is entitled to relief upon the principle of *quia timet*, citing *VanDyne v. Vreeland*, 11 *N. J. Eq.* 370 (*Ch.* 1857) and 12 *N. J. Eq* 142 (*Ch.* 1858), on the basis of allegations in her answer and counterclaim that members of Pascale's family conspired to prevent his performance of the contract and to that end stripped him of his assets, procuring the conveyance to the Gattos, and had him committed to a mental institution. Defendant does not implicate plaintiffs in the alleged fraud but charges them with constructive notice of her "equity" by virtue of her possession. The Appellate Division found her rights under the contract terminated with Pascale's commitment and concluded that *VanDyne* was otherwise inapplicable.

We are of the view that the issue thus advanced on appeal should not have been entertained. Although it is our policy wherever feasible to dispose of the entire controversy in a single action, and we may relax the rule confining judicial review to matters presented to the trial court, *Devlin v. Surgent*, 18 *N. J.* 148, 153 (1955), yet a different course is here appropriate because of the absence of necessary parties.

We are satisfied that if defendant is entitled to equitable relief, it would not include enjoyment of the specific property here involved during Pascale's lifetime and hence such relief could not bear upon the trial court's determination of the controversy as submitted to it. Whether she is entitled to equitable relief with respect to the property effective in enjoyment upon Pascale's death depends (a) upon a finding in her favor with respect to her basic controversy with Pascale or his family, and (b) a finding that plaintiffs are

chargeable with notice of her equity if she has one. Pascale or his guardian (he has not been adjudged incompetent under *R. R.* 4:102; see *Leick v. Pozniak,* 135 *N. J. Eq.* 67 (*Ch.* 1944); *Oswald v. Seidler,* 135 *N. J. Eq.* 490 (*Ch.* 1944), reversed 136 *N. J. Eq.* 443 (*E. & A.* 1945)) should be heard with respect to his liability upon the contract and he or his guardian should be heard and the allegedly offending members of his family should also be parties with respect to the charge of fraud against them and their accountability for the consideration received from plaintiffs. It would be idle to speak of controlling principles of law in a case of this kind before the facts are found. See generally, Annotation, 7 *A. L. R.* 2d 1166 (1949); *Duvale v. Duvale,* 54 *N. J. Eq.* 581 (*Ch.* 1896), modified 56 *N. J. Eq.* 375 (*E. & A.* 1898); *Davison v. Davison,* 13 *N. J. Eq.* 246 (*Ch.* 1861); *Pflugar v. Pultz,* 43 *N. J. Eq.* 440 (*Ch.* 1887); *Welsh v. Hour,* 100 *N. J. Eq.* 417 (*Ch.* 1927); *Galloway v. Eichells,* 1 *N. J. Super.* 584 (*Ch. Div.* 1948).

Hence the judgment of the Appellate Division is affirmed, but without prejudice to a timely action by defendant against all parties concerned with respect to the further claim described above.

*For affirmance*—Chief Justice VANDERBILT, and Justices HEHER, WACHENFELD, BURLING, JACOBS and WEINTRAUB—6.

*For reversal*—None.